IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROSA MERCED-ALVARADO, et al.,

    Plaintiffs,

           v.

MUNICIPAL GOVERNMENT OF SALINAS, et al.

    Defendants.

CIVIL NO. 13-1787 (PAD)

## MEMORANDUM AND ORDER

Delgado-Hernández, District Judge.

This is a political discrimination case against the Municipality of Salinas, its Mayor Karilyn Bonilla-Colón and the Municipality's Human Resources Director Estrella Martinez-Soto.[1] Before the court is defendants' motion for summary judgment (Docket No. 113), which plaintiffs opposed (Docket No. 128). Defendants replied (Docket No. 150) and plaintiffs surreplied (Docket No. 161).

The motion was referred to U.S. Magistrate Camile L. Vélez-Rivé, who issued a Report and Recommendation ("R&R") (Docket No. 164) recommending that the motion be granted in part and denied in part. Id. Defendants objected to the R&R (Docket No. 166), plaintiffs responded to defendants' objections (Docket No. 169), defendants replied (Docket No. 172) and

---

[1] Plaintiffs are various employees and a former employee of the Municipality of Salinas affiliated to the New Progressive Party ("NPP"), which lost the 2012 mayoral election in Salinas to the Popular Democratic Party ("PDP"). They originally sought declaratory and injunctive relief, back and front pay, and compensatory and punitive damages under the First, Fifth, and Fourteenth Amendments to the U.S. Constitution pursuant to 42 U.S.C. § 1983, and Puerto Rico law (Docket No. 1). Defendants filed a joint motion to dismiss (Docket No. 19), which the court granted in part and denied in part, authorizing plaintiffs to amend their complaint so as to include sufficient factual allegations to plead plausible claims against Bonilla-Colón and Martínez-Soto (Docket No. 34). They did. Defendants renewed the request to dismiss the amended complaint, but the court denied the request on May 5, 2015 (Docket No. 64).

plaintiffs surreplied (Docket No. 177). For the reasons explained below, the R&R is ADOPTED *IN TOTO*.[2]

## I. REFERRAL

A district court may refer a pending motion to a magistrate judge for a report and recommendation. See 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(b); Loc. Civ. Rule 72. Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Civ. Rule 72(d). See 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." Ramos-Echevarría v. Pichis, Inc., 698 F.Supp.2d 262, 264 (D.P.R. 2010); Sylva v. Culebra Dive Shop, 389 F.Supp.2d 189, 191-92 (D.P.R. 2005) (citing United States v. Raddatz, 447 U.S. 667, 673 (1980)).

## II. DISCUSSION

The Magistrate Judge recommended that, with the exception of plaintiff Karla Rodríguez-Santiago, summary judgment be denied. She reasoned that there are too many material facts in controversy with respect to the remaining plaintiffs and included a few, but good, examples of what those material facts are. For the same reason, she concluded that defendants were not entitled to qualified immunity at this stage.[3] Nothing in the record, much less defendants' objections, persuades the court to reject the R&R.

---

[2] Review of the summary judgment, supporting documents and objections to the R&R was a very challenging task. The parties submitted over 6,300 pages as part of the summary judgment-related record.

[3] To this end, the Magistrate Judge observed that defendants were aware of Rodríguez-Santiago's past political dealings with the NPP, but defendants should benefit from the Mt. Healthy defense. In that regard, Rodríguez-Santiago's original reinstatement to a career position upon termination of her appointment position was null and void, for she (i) failed to comply with the probationary period; and (ii) did not compete for her position pursuant to the merit system. Id. at pp. 11-17. As to the remaining plaintiffs, the R&R noted that defendants are free to raise the qualified immunity defense again at trial, upon return of a verdict. Id.

Defendants failed to explain why the court should enter summary judgment when – as the Magistrate Judge correctly expressed in the R&R – this is a classic "he said/she said" situation. Disagreements pertaining to plaintiffs' testimony and defendants' knowledge are matters that go to weight and credibility. Those disputes are to be resolved by the jury, not at summary judgment. In objecting to the R& R, defendants seem to be oblivious to this basic summary judgment principle.

### III.   CONCLUSION

Having made an independent, *de novo*, examination of the entire record, the Magistrate Judge's findings are well supported in the record and the law. In this way, the court ADOPTS *in toto* the R&R, and, accordingly, GRANTS in part and DENIES in part defendants' motion for summary judgment.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 2017.

> s/Pedro A. Delgado-Hernández
> PEDRO A. DELGADO-HERNÁNDEZ
> United States District Judge